Kennedy, Jennik & Murray, P.C.
113 University Place, 7th Floor
New York, New York 10003
(212) 358-1500
Elizabeth M. Pilecki, Esq. (EP 5805)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

WILFREDO LARANCUENT, as Manager of
LAUNDRY, DRY CLEANING AND ALLIED
WORKERS JOINT BOARD, UNITE/HERE, AFL-CIO,

           **Plaintiff,**      05 Civ. 7434 (GBD)

   -against-              **FIRST AMENDED**
                       **COMPLAINT**

B& M LINEN CORP. d/b/a MIRON AND SONS
LAUNDRY,

           **Defendant.**
-------------------------------------------------------------------x

   Plaintiff, by its attorneys, Kennedy, Jennik & Murray, P.C., complaining of defendant,

respectfully alleges as follows:

## NATURE OF THE ACTION

  1.  This is an action arising under Section 301 of the Labor Management Relations

Act ("LMRA"), 29 U.S.C. § 185, the Federal Arbitration Act, 9 U.S.C. § 9, and this Court's

pendent jurisdiction, to confirm an arbitration award issued to remedy the breach by defendant of

a collective bargaining agreement.

## JURISDICTION

2.     This court has subject matter jurisdiction to hear this claim under Section 301 of the LMRA, 29 U.S.C. § 185, and the Federal Arbitration Act, 9 U.S.C. § 9.

## PARTIES

3.     Plaintiff Wilfredo Larancuent is Manager of Laundry, Dry Cleaning and Allied Workers Joint Board, UNITE/HERE, AFL-CIO ("the Laundry Workers").

4.     The Laundry Workers is a labor organization as defined by Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), and maintains its principal place of business at 275 Seventh Avenue, 11th floor, New York, New York 10001.

5.     Defendant B&M Linen Corp., d/b/a Miron & Sons Laundry ("Miron") constitutes a single employer as defined pursuant to Sections 2(2) of the NLRA, 29 U.S.C. §152(2) and 301(a) of the LMRA, 29 U.S.C. §185(a).  The address for Miron is 310 Walton Avenue, Bronx 10451.

## AS AND FOR A FIRST CAUSE OF ACTION

6.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 5 as if fully set forth herein.

7.     The Laundry Workers and Miron are and were at all times material hereto parties to and bound by a collective bargaining agreement.

8.     Jose Ramirez ("Ramirez"), an employee of Miron, was terminated by Miron on December 7, 2004.

9.    Article 35 sets forth the arbitration provisions of the Contract. The issue of whether the Employer terminated employee Jose Ramirez for just cause is subject to the arbitration provisions of the Contract.

10.    The Contract provides:

Article 35: Arbitration

B.    Any and all complaints, grievances or disputes arising between the parties hereto under, out of, or in connection with or in relation to this Agreement or in the interpretation, performance, termination or any alleged breach thereof, shall be forthwith referred for arbitration and final determination to the Arbitrator. The Arbitrator is empowered to include in the award mandatory and injunctive relief and to assess damages including interest. Any specific reference in any provision of this Agreement for arbitration shall not be construed as a limitation or a waiver of arbitration with respect to any and all complaints, grievances or disputes arising out of any other terms of this Agreement where not specific reference is made.

C.    The parties consent that any papers, notices or process including subpoenas necessary or appropriate to initiate or continue an arbitration hereunder or to enforce or confirm an award may be served by ordinary mail directed to the last known address of the interested parties or their attorneys. The service of any other notices that may be required under the Civil Practice Law and Rules is hereby expressly waived.

D.    All determinations, decisions and awards shall be final, conclusive and binding upon all the parties hereto, their heirs, executors, administrators, assigns, or successors in interest and upon any Employer and employee covered by this Agreement. The law of the State of New York shall apply in the enforcement of this Agreement, except as provided otherwise herein.

11.    The Laundry Workers submitted the grievance regarding Miron's termination of employee Jose Ramirez to arbitration before the Honorable Beverly Gross.

12.    A hearing was held on January 21, 2004.

13.    On January 31, 2005, the arbitrator issued her opinion and award ("the January 31st Award"). The January 31st Award is attached as Exhibit A. The award provides:

> I must agree with the Union that the Employer's stated reasons for the termination are spurious and the true reason is retaliatory for the Grievant complaining to the Attorney General about the lack of overtime pay.
>
> The Grievance is sustained and the Grievant is reinstated to his position with back pay from his date of termination, including all unpaid overtime he earned under the law and the collective bargaining agreement. . . .

14.    The January 31st Award did not specify the amount of back pay and overtime due to the grievant. The January 31st Award directed the parties to submit evidence regarding the grievant's unpaid wages and overtime.

15.    The Arbitrator issued a second Award dated April 1, 2005 (the April 1st Award) that ordered the amount of $79,640.26 to be paid by Miron to Ramirez, which represents Ramirez's back pay and overtime. The April 1st Award is attached as Exhibit B.

16.    Plaintiff seeks a judgment confirming both the January 31st and the April 1st Awards of the Arbitrator, and ordering Miron to pay to Ramirez the $79,640.26 owed to him.

17.    Plaintiff has no remedy at law, since only specific enforcement of the arbitration award will provide plaintiff with the relief requested.

## AS AND FOR A SECOND CAUSE OF ACTION

18.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 as if fully set forth herein.

19.    The arbitration award should be confirmed pursuant to Article 75 of New York's

-4-

Civil Practice Law and Rules.

WHEREFORE, plaintiffs demand judgment:

1.  Confirming the arbitration awards of the Honorable Beverly Gross.

2.  Ordering the payment of damages as set forth in the April 1, 2005 arbitration

award.

3.  Prejudgment interest at 9% from December 7, 2004 for all monetary relief.

4.  Such other and further relief as the Court deems proper.

Dated: September 14, 2005

KENNEDY, JENNIK & MURRAY, P.C.

By:     Elizabeth M. Pilecki (EP 5805)
        113 University Place, 7th Floor
        New York, New York 10003
        (212) 358-1500

# EXHIBIT A

---------------------------------------------------------------------X

In the Matter of the Arbitration Between


**MIRON & SONS**

and                                                         **Case No. 3903**

                                                            **Jose Ramirez**

**LAUNDRY, DRY CLEANING & ALLIED WORKERS
JOINT BOARD, UNITE**

---------------------------------------------------------------X


**Hearing Date: January 21, 2004**

**Before: Beverly Gross, Esq., Arbitrator**

**Appearances:**
> For the Union:     Wilfredo Larancuent, Manager
>                    Alberto Arroyo,  Secy.-Treas.
>                    Tom Kennedy, Esq.
>
> For the Employer:  Michael Markus, Vice-President


The Grievant, a driver for the Employer since March 2003, was terminated on December 7, 2004. The Employer's stated reasons were various:  in the testimony of Michael Markus he claimed that the Grievant's attitude, not his absence on November 24, 2004 nor an accident in which his truck damaged a loading dock gate, was the reason for the discharge.    Yet Arbitrator's Exhibit 4, an internal memo ostensibly written by Miron Markus, the Employer's president, dated December 8, 2004,  the day after the Grievant's termination, stated that the Grievant had been "warned and written up numerously"  but was retained in the interest of business stability; however his "disregard for authority and his insubordination left us with no choice but to let him go."  Contrary to Michael Markus' testimony, the December 8th memo states that the final cause of the Grievant's termination was "he entrusted his helper, an unauthorized driver to drive the truck", who caused $3000 damage to the loading dock gate.   That same Exhibit reflects, however, that the Employer authorized the Grievant to bring in an outside licensed driver to work one day per week, to be paid by the Grievant from the "untaxed earnings" portion of his [now increased] salary.   The Employer told the Grievant that he was responsible for the damage.

The Union claimed that the Employer's stated reasons for the Grievant's discharge are spurious. The Employer conceded that other drivers who had similar accidents were not fired.   The Union charges that the Grievant was fired because he had complained to the New York State Attorney General's office about the Employer's failure to pay him overtime.[1]   Under the collective bargaining agreement,  Art.33A, the Employer carries the burden of proving that it had just cause to terminate the Grievant.  I find that burden was not met here.   In addition to the many differing reasons the Employer gave for the termination, Michael Markus forcefully rejected the notion of  a "paper trail" of written warnings; rather, warnings are

---

[1] The Employer insisted that he was not required to pay overtime to drivers, who are route employees.

given verbally.  Despite this sworn testimony,  Miron Markus asserted very positively (Arb.Ex.4) that the Grievant was written up "numerously".   Arbitrator Exhibits 1, 2  and 3, dated respectively July 13, August 7 and November 24, 2004 purport to be Employer  "write-ups" of the Grievant for misconduct.  Their origin is unknown, they are unsigned, their format, language style and typeface are unexpectedly identical and there is no evidence that they were ever shown or given to the Grievant.   They are totally without value to help resolve the conflict concerning the type of progressive discipline the Employer did or did not utilize which, in any event, is not of substantive significance here.   We are also lacking sufficient information about Arbitrator Exhibit 5 to determine its role, if any, in the Employer's decision to terminate the Grievant.

        I must agree with the Union that the Employer's stated reasons for the termination are spurious and the true reason is retaliatory for the Grievant complaining to the Attorney General about the lack of overtime pay..

        The Grievance is sustained and the Grievant is reinstated to his position with back pay from his date of termination, including all unpaid overtime he earned under the law and the collective bargaining agreement.  The Union requested that I specify an exact amount of back pay: however there is insufficient evidence in the record, including the contract, upon which I can base such an amount.   I will retain jurisdiction of this matter for 45 days from the date below for the purpose of receiving additional evidence limited to the Grievant's unpaid wages and overtime:  30 days in which to receive proper documentary evidence from the Union, copy to the Employer, and 15 days thereafter for the Employer to challenge the Union's computations with appropriate evidentiary documentation.   The documentary evidence may be presented through the use of sworn affidavit(s).    I will then issue my Award

**IT IS SO ORDERED**

Dated: New York, New York
        January 31, 2005

_____
Beverly Gross

2

# EXHIBIT B

# *Laundry, Dry-Cleaning & Allied Workers Joint Board* 

275 SEVENTH AVENUE, 7TH FLOOR NEW YORK, NY 10001-6708 · TELEPHONE 212 206-8900 · FAX 212 206-9179

**WILFREDO N. LARANCUENT, Manager**
**ALBERTO ARROYO, Secretary-Treasurer**

## FOR YOUR INFORMATION

To:   Tom Kennedy, Esq.

Fr:   Dyana Chan

--------------------------------------------------------------------July 15, 2005

### Re:  Jose Ramirez – Case #3903

Enclosed you will find the arbitrator's ***Final Award*** in original form as requested.

BOARD OF DIRECTORS: Thelma Baker, Felix Cartagena, Margarita Casaine, Shirley Cheeseboro, Eleanor Davis, Maxine Martin, Thomasene O'Neal, Bonita Perkins, Almeta Richards, Peggy Whitner

--------------------------------------------------------X

**In the Matter of the Arbitration Between**

|  |  |
|---|---|
| **MIRON & SONS LINEN SERVICE** | **Case No. 3903 (FINAL AWARD)**<br>**Jose Ramirez** |
| - and – | |
| **AMALGAMATED LAUNDRY, DRY**<br>**CLEANING & ALLIED WORKERS**<br>**JOINT BOARD, UNITE, AFL-CIO** | |

_____X

On January 31, 2005 I issued an Award in the referenced case in which I retained jurisdiction for 30 days to enable the Union to place into the record documents to support its claim for money damages to Jose Ramirez arising from unpaid wages and overtime, and an additional 15 days to permit the Employer to challenge the Union's figures.   This extension of time was necessitated by the Employer's failure to respond to the Union's pre-hearing requests for payroll records.   The Union timely submitted its material on March 2nd based on payroll data the Grievant had retained and on contractual wages, sick pay and holiday pay provisions.

On the 15th day, March 17th, at 3:46 p.m., an hour before the expiration of the Employer's deadline, my office received a fax'd letter from a well-known and reputable law firm stating that the firm was now representing the Employer and requesting an extension of time to respond to the Union's papers.[1]   On March 24th I granted an extension to close of business on March 31.  At 4:37 p.m. on that day, minutes before the expiration of its extended deadline, the Employer, through its attorney, fax'd me a request for a hearing limited to the matter of remedy, based on several allegations as to the Union's submission and the scope of my interim Award in this case dated January 31st.  Alternatively the letter requested an additional week's extension for the Employer to submit its documentary evidence.

I hereby deny the Employer's request for a further hearing or an extension of time.  It chose not to comply with its statutory and contractual obligation to provide the Union with the pre-arbitration payroll information it requested, which the Employer had in its possession and now wants the opportunity to present to me.   It chose not to be represented by counsel at the instant

---

[1] I note, however, the receipt by the Union of a letter on February 8th addressed to and forwarded to me, from Michael Markus, son of Miron and a company vice-president, accusing me of bias and worse and advising me the company would no longer recognize my jurisdiction.

hearing or to present any documentary evidence during the time extension I granted when it did, finally, obtain counsel.   It has again waited until the eleventh minute of the eleventh hour to request a further extension of time but proffers no reason for the delays it previously caused and would again be causing.   Whatever hardship this denial may entail to the Employer is the result of its own deliberate choices.

The Union's figures have not been refuted by the Employer and although they are without doubt an approximation, in assessing damages I must make an adverse inference from this absence of Employer refutation.   As a leading arbitration treatise states "However, damages will not be denied merely because the amount is difficult to determine", citing to case sources of the principle that "The wrongdoer must bear the risk of uncertainty.   At the same time the plaintiff is obliged to make a reasonable estimate of damages, supported by the evidence in the case." (Elkouri and Elkouri, "How Arbitration Works", Sixth Ed. 2003, p.1211).   The Union's figures appear on their face to be reasonable and include an offset for other earnings.   The record thus substantiates the Union's claim.

I direct that the Employer, Miron & Sons Linen Service, shall pay to the Grievant, Jose Ramirez, $3,656.00 in unpaid back wages from his date of termination through the week of February 27, 2005, the latest week for which the Union made claim.   I deny the claim for a $500 "bonus".   I further direct that the Employer shall pay to the Grievant unpaid overtime from his date of hire to his last day of employment [2] plus unpaid holiday pay and sick days as contractually required, in the total amount of $75,984.26 for a grand total of $79,640.26.   This Award is effective immediately and I am hereby *functus officio*.

**IT IS SO ORDERED**

Dated: New York, New York
    April 1, 2005

Beverly Gross, Arbitrator

APR - 4 2005

ASAI JT. BD.

---

[2] Per the attorney's letter of March 31st., the Employer interprets my January 31st Award to mean the Grievant is only entitled to overtime pay from his date of termination.  While admittedly my language might have been less ambiguous, the back pay I ordered, "from his date of termination" was not intended to and did not modify the immediately following language "..including all unpaid overtime he earned under the law and the collective bargaining agreement", which are retroactive to the Grievant's date of hire.  The grievance was based on the Grievant's termination and his claim that he had not been paid overtime.  At the hearing the Employer did not dispute this but testified it was not required to pay overtime to the Grievant, a route driver.  I found that his complaints to the Attorney General about unpaid overtime were the real cause of his discharge.

2

## AFFIDAVIT OF SERVICE

State of New York ) 
                    ) ss.: 
County of New York )

      JOAN ESPOSITO, being duly sworn, deposes and says that: I am not a party to the action, am over 18 years of age, and reside in Kings County, New York. On September 14, 2005, I served the within Amended Complaint by mailing a copy via U.S. mail to the following:

> B & M Linen Corp.
>   d/b/a Miron & Sons Laundry
> 310 Walton Avenue
> Bronx, NY 10451

 

                                   _____
                                   JOAN ESPOSITO

Sworn to before me this
14th day of September 2005.

_____
Notary Public

**SUSAN M. JENNIK**
**Notary Public, State Of New York**
**No. 4764982**
**Qualified in New York County**
**Commission Expires** 7/8/06